Wilde J.
delivered the opinion of the Court. [After re citing the contract on which the action is founded, and the. second count : —] All these averments are verified by the finding of the jury on the several issues, and the evidence as reported seems to be satisfactory and sufficient to warrant the jury in so finding. The plaintiff, therefore, is entitled to judgment, if this count is good, (as we think it is,) unless the action be barred by matter of law set up in the defence. It is objected that this action cannot be maintained, without showing a due performance of the covenant on the part of the plaintiff. This objection depends, on the construction of the contract, and on the question, whether the covenants are mutually dependent, or whether the performance of the plaintiff’s covenant is not a condition precedent. In determining the question whether the covenants are conditional, or independent, or mutually dependent, we are to be governed, not by technical and artificial rules, but by the true intention of the parties as expressed by the language of the contract. This rule of constraction is well established by all the modern cases ; and *157 taking it for our guide, we cannot entertain a doubt as to the construction of this contract. Both covenants were to be performed at the same time ; neither party intended to trust to the personal security of the other; and, consequently, neither party was obliged to perform his part of the agreement, unless the other party was ready and willing at tire same time to perform his part also.
It is quite clear, therefore, that the covenants are mutual and dependent. In all such cases neither party can maintain an action without showing a performance, or offer to perform, on his part. An offer by the plaintiff to perform his part of the agreement, and a refusal by the defendant’s testator to ac cept a conveyance, is averred in the declaration and fully proved by the evidence. This was all the plaintiff was bound to do. He was not bound to make an unconditional tender of a deed, unless the other party was willing to accept it and to pay the purchase money.[1]
It is no valid objection, that at the time the offer was made by the plaintiff, there were outstanding unsatisfied mortgages on the estate, for the plaintiff offered to procure discharges and give a satisfactory title.[2] This would have been done but for the unqualified refusal of the testator’s agent to complete the purchase. It is manifest from the evidence, that the plaintiff could and would have given a good title, and that the refusal of the testator’s agent was not founded on any doubt of his ability so to do. The only reason given for the refusal, was, that the testator’s wife was not satisfied with the house ; the true reason probably was, that she was not satisfied with the price, as the house was afterwards purchased in at a reduced price. But wdiatever may have been the reason of the refusal, it is sufficient for the plaintiff to show that there' was a refusal by the testator’s agent to accept a deed according to the terms *158 of the contract. After such a refusal it would have oeen a useless ceremony for the plaintiff to make a formal tender of a deed, even if a tender were necessary. For if the plaintiff was prevented from making a tender of a good and sufficient deed by the testator’s refusal to accept it, it would amount to a waiver of the tender, and dispense with the necessity of the plaintiff’s making it. It is clear, however, that the plaintiff was not bound to make an unconditional tender of a deed in terms. An offer to perform the contract on his part, he having the ability to perform it, which the evidence shows, and a refusal by the testator to perform his part of the agreement, amount clearly to a breach of the testator’s covenant.
On these principles the fifth, sixth, seventh and eighth pleas are adjudged bad, and the replication to the fifteenth plea is adjudged good.

Judgment according to verdict.

 See Kane v. Hood, 13 Pick. 281; Bean v. Atwater, 4 Connect. R. 3; Leonard v. Bates, 1 Indiana R. 175; Weaver v. Childress, 3 Stewart (Ala.) R. 361; Sprigg v. Albin, 6 J. J. Marshall, 161; Passmore v. Moore, 1 J. J. Marshall, 591; Low v. Marshall, 5 Shepl. 232; Latorence v Dole, 11 Vermont R. 549 ; Mattock v. Kinglake, 10 Adol. & Ellis, 50.

 See Hard v. Bowers, 23 Pick. 460.